## WILLIAM E. CLARK v. D. E. McMULLEN.[1]

### May 7, 1915.

### Nos. 19,158—(57).

**Broker.**

Action to recover one-half of a broker's commission earned by defendant. *Held:* (1) The evidence made a case for the jury. (2) The receipt in evidence, over objection, of a letter from plaintiff making the same claim as in the action, was error but not prejudicial error. (3) The remarks of the court in a wrangle with counsel, during the trial, were not prejudicial. [Reporter.]

Action in the district court for Otter Tail county to recover $270 as commission for making a sale of real estate. The case was tried before Flaherty, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Lewis E. & D. J. Jones,* for appellant.

*Hilton & Thompson,* for respondent.

PER CURIAM.

Action to recover a commission upon the sale of real estate. There was a verdict for the plaintiff. Defendant appeals from an order denying his motion for a new trial.

At the trial it was clearly proved and was not in dispute that the defendant had earned a commission upon the sale of real estate in Otter Tail county from certain parties for whom he was working. The plaintiff claimed that by agreement he was entitled to one-half of it. The evidence is not altogether satisfactory but we think it made a case for the jury.

The plaintiff proved that the defendant's commission was earned. The defendant, on cross-examination of a witness by whom this was proved, showed that a

1 Reported in 152 N. W. 1101.

part of the commission earned by the defendant had not been paid him, and it appeared that a part was withheld because of a claim of plaintiff thereto made partly by correspondence. All of this involved an immaterial issue, for the right of the plaintiff to recover was not disputed on the ground that the defendant had not been paid in full. On redirect examination of this witness the plaintiff offered in evidence a letter from himself to those through whom the defendant was working, making the claim that he made on the trial. It was received over objection. This was error. Considering the fact that this letter came out through an immaterial issue introduced by defendant, we are inclined to think there should not be a reversal because of it.

The court and counsel for the defendant engaged in a regrettable wrangle in the course of the trial. The remarks made by the court at the time are assigned as error. It is unnecessary to review the circumstances of the controversy. In his memorandum the court states that in his opinion the remarks made were too mild and colorless to suggest a suspicion of prejudice. We cannot say that they were prejudicial.

Order affirmed.